**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ROSE ADANMA DURU, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:15-CV-120-B-BH |
| ) | |
| BERGER PSYCHOLOGICAL ) | |
| SERVICES PC, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to the order of reference dated April 17, 2015 (doc. 14), before the Court is *Defendants Berger Psychological Services, P.C.'s & Steven Gary Berger Ph.D.'s Motion to Dismiss*, filed April 13, 2015 (doc. 12). Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED** *sua sponte* for lack of subject-matter jurisdiction, and the defendants' motion to dismiss should be **DEEMED MOOT**.

**I. BACKGROUND**

On January 14, 2015, Rose Adanma Duru (Plaintiff) filed this *pro se* case against Berger Psychological Services PC and Steven Gary Berger, Ph.D. (Defendants), as well as an Unidentified Female Assistant of Steven Gary Berger PC (Assistant). (doc. 3 at 12.)[1] She appears to assert causes of action for invasion of privacy, violations of the Health Insurance Portability and Accountability Act (HIPAA), misrepresentation, and criminal mischief. (*Id*. at 1-3.) Plaintiff also generally alleges that the defendants violated her civil rights. (*Id.* at 7.)

Although Plaintiff's complaint provides minimal detail, an attachment reflects that she applied for disability benefits in the State of Georgia (Georgia), and that the Social Security

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Administration (SSA) through the Georgia Vocational Rehabilitation Agency (GVRA) required additional information to finish processing her claim. (*Id.* at 8.)  GVRA scheduled a mental examination at no cost to Plaintiff with Defendants. (*Id.*)  Plaintiff attended her appointment with Dr. Berger, who was assisted during the mental examination by Assistant, on March 18, 2013. (*See id.* at 4-11.)

Plaintiff alleges that she "recently found out that the Social Security Administration does not pay for individual disability applicant's mental examination, that each individual is responsible for his/her own expenses/cost associated with obtaining individual's mental exam, through his/her own personal ps[y]chologist/psychiatrist." (*Id.* at 4.)  She claims that she does not know who scheduled or paid for her mental examination with Dr. Berger. (*Id.*)  Plaintiff seeks an order compelling Defendants to identify Assistant, compelling the SSA—who is not a party to this case—to release all mental health documents submitted by Defendants, and to award her $4.6 million in damages, interest, and costs. (*Id.* at 6-7.)

On April 13, 2015, Defendants moved to dismiss the complaint according to Rule 12(b)(6) for failure to comply with Rules 8 and 9(b). (*See* doc. 12.)  Plaintiff filed a response (doc. 16), and the case is now ripe for recommendation.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

2

Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

**A.     Diversity Jurisdiction**

Plaintiff alleges diversity jurisdiction on the civil cover sheet for her case. (doc. 3 at 12.)

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)).

As noted by the Fifth Circuit:

> "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil*, 841 F.2d at 1259; *see McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern*, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D.Tex.1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). *Failure adequately to allege the basis for diversity jurisdiction mandates dismissal. Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *McGovern*, 511 F.2d at 654.

3

*Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804-05 (5th Cir. 1991) (emphasis added). Additionally, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." (emphasis added)).

Here, as the party seeking to invoke diversity jurisdiction, the obligation was on Plaintiff to "distinctly and affirmatively" allege the citizenship of all parties. Her complaint does not allege the citizenship of the parties. It provides only an address in Georgia that she claims is the "registered place of business" for Defendants and Assistant, and an address in Texas for herself. (doc. 3 at 1-3.) She provides no other detail or allegations regarding citizenship. (*See id.*) Her obligation "cannot be established argumentatively or by mere inference." *Getty Oil*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n. 2 (5th Cir. 1983)). Nor is the assertion of diversity jurisdiction on the cover sheet sufficient. *See, e.g., Good v. Kroger Texas, L.P.*, No. 4:13–CV–462–A, 2013 WL 3989097, at *2 (N.D. Tex. Aug. 5, 2013) (civil cover sheet is not considered a pleadings under the federal rules); *Gonzalez v. Wal-Mart Stores, Texas, LLC*, No. H–14–2880, 2015 WL 3613648, at *4 (June 9, 2015) (same). Accordingly, she has failed to show that diversity jurisdiction exists over this action.

**B.     Federal Question Jurisdiction**

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. It exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207

(2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

Here, Plaintiff has alleged violations of HIPAA and her civil rights, as well as other state causes of action.

### 1.  *HIPAA violations*

HIPAA generally provides for confidentiality of medical records. 42 U.S.C. §§ 1320d–1 to d–7. It provides both civil and criminal penalties for improper disclosures of medical information. 42 U.S.C. §§ 1320d–5, d–6. However, HIPAA limits enforcement of the statute to the Secretary of Health and Human Services and includes no express provision creating a private cause of action. *Id*. Accordingly, "there is no private cause of action under HIPAA." *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) (per curiam). Because HIPAA does not confer a private cause of action on Plaintiff and it cannot be enforced by her, it cannot form the basis of federal question jurisdiction. *See Singh*, 538 F.3d at 337-38.

### 2.  *Civil rights violations*

"[T]he 'pleading of federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a federal statute . . . [it requires] that the complaint clearly set out

5

the basic facts necessary to support the conclusion' that federal jurisdiction does in fact exist." *Gilbeaux v. Univ. of Texas Med. Branch*, 42 F. Supp. 2d 637, 641 (E.D. Tex. 1998) (citation to a federal statute in the heading of a court designed complaint form was not sufficient to invoke federal jurisdiction) (quoting *Fountain v. New Orleans Pub. Serv., Inc.*, 265 F. Supp. 630, 632 (D.C. La. 1967)). Further, federal question jurisdiction is present only if reliance on a federal right appears on the face of the complaint. *Id.* (citation omitted).

Here, Plaintiff only generally refers to a "violation of [her] civil rights" in her prayer. (doc. 3 at 7.) She neither identifies any specific facts about what right Defendants allegedly violated nor the basis for her civil rights allegation. (*See id.*) The face of her complaint does not set out the basic facts necessary to show reliance on a federal right. She has therefore failed to show that federal question jurisdiction exists in this case.

Because Plaintiff's complaint does not present a sufficient basis for federal question or diversity jurisdiction, it should be dismissed *sua sponte* for lack of subject-matter jurisdiction.

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** *sua sponte* for lack of subject-matter jurisdiction, and Defendants' motion to dismiss should be **DEEMED MOOT**.

**SIGNED this 6th day of November, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE