IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROSE ADANMA DURU, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:15-CV-120-B-BH |
| ) | |
| BERGER PSYCHOLOGICAL ) | |
| SERVICES PC, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to the order of reference dated August 19, 2015 (doc. 23), this case has been referred for case management. Before the Court is the plaintiff's post-judgment *Motion to Transfer Case*, filed June 3, 2016 (doc. 28). Based on the relevant filings and applicable law, the plaintiff's motion is liberally construed as a motion for relief from judgment under Rule 60(b), and it should be **DENIED**.

**I. BACKGROUND**

On January 14, 2015, Rose Adanma Duru (Plaintiff) filed this *pro se* case against Berger Psychological Services PC and Steven Gary Berger, Ph.D. (Defendants), as well as an Unidentified Female Assistant of Steven Gary Berger PC (Assistant). (doc. 3 at 12.)[1] She appeared to assert causes of action for invasion of privacy, violations of the Health Insurance Portability and Accountability Act (HIPAA), misrepresentation, and criminal mischief. (*Id*. at 1-3.) Plaintiff also generally alleged that the defendants violated her civil rights. (*Id.* at 7.)

Plaintiff applied for disability benefits in the State of Georgia (Georgia), and the Social Security Administration (SSA) through the Georgia Vocational Rehabilitation Agency (GVRA)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

required additional information to finish processing her claim. (*Id.* at 8.) GVRA scheduled a mental examination at no cost to Plaintiff with Defendants. (*Id.*) Plaintiff attended her appointment with Dr. Berger, who was assisted during the mental examination by Assistant, on March 18, 2013. (*See id*. at 4-11.) Plaintiff claimed that she discovered that "the Social Security Administration does not pay for individual disability applicant's mental examination, that each individual is responsible for his/her own expenses/cost associated with obtaining individual's mental exam, through his/her own personal ps[y]chologist/psychiatrist", and she did not know who scheduled or paid for her mental examination with Dr. Berger. (*Id*. at 4.) She seeks an order compelling Defendants to identify Assistant, compelling the SSA—who is not a party to this case—to release all mental health documents submitted by Defendants, and to award her $4.6 million in damages, interest, and costs. (*Id.* at 6-7.)

On April 13, 2015, Defendants moved to dismiss the complaint according to Rule 12(b)(6) for failure to comply with Rules 8 and 9(b). (*See* doc. 12.) On December 22, 2015, the complaint was dismissed *sua sponte* for lack of subject-matter jurisdiction, and the motion to dismiss was deemed moot. (*See* docs. 25, 26, 27.) On June 3, 2016, Plaintiff moved to transfer the case to Colorado because she has now relocated there. (*See* doc. 28.) She contends her "case was dismissed due to judicial bias; judicial misconduct; forgery; obstruction of justice, etc.", that the Clerk "changed the original jurisdiction from 'diversity' to 'federal question'", and that she never consented to have a magistrate judge manage the case. (*Id.*)

## II.  RULE 60(b)

The plaintiff's post-judgment motion to transfer her case may be liberally construed as seeking relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides that

2

upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an *opposing* party;[2] (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6).

Here, the plaintiff's motion does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable. It may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). Rule 60(b)(6) is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating a motion under Rule 60(b)(6): 1) that final judgments

---

[2] Although the plaintiff alleges judicial misconduct, this allegation does not invoke Rule 60(b)(3). "A party making a rule 60(b)(3) motion must establish by clear and convincing evidence (1) that *the adverse party* engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *In re Isbell Records, Inc.*, 774 F.3d. 859, 869 (5th Cir. 2014) (*emphasis added*) (citing *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990) (emphasis, internal quotation and citation omitted).

should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Here, the plaintiff's case was dismissed for lack of subject-matter jurisdiction after consideration of whether either diversity or federal question jurisdiction existed; judgment was not rendered on the merits. She had the opportunity to appeal the judgment but did not. has not alleged or shown exceptional or extraordinary circumstances such that denial of her Rule 60(b) motion would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions).

### III. RECOMMENDATION

The plaintiff's post-judgment motion to transfer her case, which has been liberally construed as a motion for relief from judgment under Rule 60(b), should be **DENIED.**

**SO RECOMMENDED** on this 17th day of June, 2016.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE